# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI,
# CENTRAL DIVISION

| | | |
|---|---|---|
| SHAUNDA E. SCOTT, | § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action No. |
| SAFECO INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Safeco Insurance Company of America ("Safeco") hereby removes this action from the Third Division of the 19th Judicial Circuit Court of Cole County, Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and respectfully shows the Court as follows:

## I. INTRODUCTION

1. Within her Amended Petition,[1] Plaintiff seeks to represent a class of "hundreds or thousands" of Safeco's Missouri property insureds. Plaintiff alleges that Safeco systematically underpays its policyholders by depreciating future labor costs when paying covered property claims. Plaintiff asserts a claim for breach of contract and also seeks a declaratory judgment.

2. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") because, taking the allegations in Plaintiff's Amended Petition as presented, the amount in controversy, exclusive of interest and costs, exceeds $5 million, the proposed class includes over 100 persons, and the action meets all other requirements of 28 U.S.C. § 1332(d). Accordingly, Defendant hereby timely removes this case to this Court.

---

[1] "Amended Petition", as used herein, shall refer to Plaintiff's live petition, which is the First Amended Petition, filed on June 5, 2022 and attached as Exhibit A-2.

## II. PROCEDURAL HISTORY

3. Safeco is the only named defendant in Case Number 22AC-AC00420-01, pending in the 19th Judicial Circuit, Cole County, Missouri (the "State Court Action").

4. Plaintiff initially filed this case in the Associate Circuit Court of Cole County, Missouri on April 27, 2022.[2]

5. Plaintiff filed an Amended Petition on June 5, 2022. Ex. A-2, Am. Pet. Plaintiff's Amended Petition includes allegations on behalf of a class of Safeco's Missouri property insureds. Ex. A-2, Am. Pet. at ¶ 30. Within her Amended Petition, Plaintiff seeks a judgment "for an amount in excess of $25,000." Ex. A-2, Am. Pet. at p. 14.

6. Plaintiff then sought, and obtained, an order certifying the case to the Circuit Court. Ex. A-1; Ex. A-3.

7. The summons and Amended Petition were served on the Missouri Department of Commerce and Insurance on December 9, 2022. Ex. A-9, Summons.

8. This Notice of Removal is therefore being timely filed within thirty days after Safeco's constructive receipt of the summons and Plaintiff's Amended Petition. 28 U.S.C. § 1446(b).

9. In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** contains true and complete copies of all process, pleadings, and orders in the State Court Action that are obtainable by Safeco.[3]

---

[2] The Associate Circuit Court docket does not contain the operative petition; as such, it is not being included herein but can be provided upon request.

[3] While not required at this juncture, Safeco has included a copy of the docket sheet in the State Court Action and all filings in the State Court Action. *See* 28 U.S.C. § 1447(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 because the Central Division of the Western District of Missouri is the United States judicial district and division embracing the 19th Judicial Circuit of Cole County, Missouri where this suit was pending.

### III. PLAINTIFF'S ALLEGATIONS

11. This Notice of Removal is being filed prior to Safeco's deadline to answer or otherwise respond to the Amended Petition. Safeco will assert its defenses through the procedurally appropriate vehicles and recites Plaintiff's allegations herein for purposes of removal only. *See Hartis v. Chicago Title Ins. Co.*, 694 F. 3d 935, 945 (8th Cir. 2012) (recognizing removing party need not confess liability to demonstrate removal is appropriate, and the demonstration is based on what plaintiff is claiming, not whether plaintiff is likely to win).

12. Plaintiff contracted with Safeco for an insurance policy covering her St. Louis property (the "Property"). Ex. A-2, Am. Pet. ¶ 9. She further alleges that the Property suffered a covered loss on April 28, 2012. Ex. A-2, Am. Pet. ¶ 11.

13. Plaintiff claims that Safeco underpaid her claim by applying an improper depreciation methodology when calculating actual cash value ("ACV") payments to her and other members of the putative class. Ex. A-2, Am. Pet. ¶ 14 (alleging Safeco's "sole methodology for calculating the ACV of structural damage losses in Missouri, including Plaintiff's was to estimate the cost to repair or replace the damage with new materials (replacement cost value, or "RCV"), and then to subtract depreciation"); ¶ 15 (alleging Safeco's policy forms do not permit non-materials depreciation); ¶ 18 (alleging resulting underpayment).

14. Plaintiff states in her Amended Petition that Safeco "systematically underpays its policyholders", and that she "reasonably believes that hundreds or thousands of people" have suffered damages as a result. Ex. A-2, Am. Pet., at 2; ¶ 33.

15. Plaintiff seeks to represent a class that she "tentatively define[s]" as follows:

> All [Safeco] policyholders (or their lawful assignees) who within ten years of the filing of this Petition through the date of class certification, made: (1) structural damage claim for property located in Missouri; and (2) for which Defendant accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law.
>
> In this definition, "non-material depreciation" means application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" option settings within Xactimate® software or similar depreciation option settings in competing commercial software programs. It also means labor that was manually depreciated from a replacement cost estimate, including but not limited to "straightline" depreciation.
>
> The class excludes any claims for which the applicable limits of insurance was exhausted by the initial actual cash value payment. The class also excludes any claims, or portions of claims, arising under labor depreciation permissive policy forms, i.e., those forms and endorsements expressly permitting the "depreciation" of "labor" within the text of the policy form, unless the use of those forms violate the law of Missouri.

Am. Pet. ¶ 30. Plaintiff's proposed class would also exclude: (1) Safeco, its subsidiaries and affiliates, (2) persons who timely elect to be excluded from the proposed class, and (3) this Court and its staff. Ex. A-2, Am. Pet. ¶ 31.

16. Plaintiff asserts that her claims are "typical of the claims of the proposed class members" and that she is "not different in any material respect from any other member of the proposed class." Ex. A-2, Am. Pet. ¶ 37.

17. In connection with her claim for breach of contract, on behalf of herself and the proposed class, Plaintiff asserts she is entitled to a recovery of "all amounts unlawfully withheld from their ACV payments…." Ex. A-2, Am. Pet. ¶ 53.

18. In connection with her declaratory judgment request, Plaintiff seeks a declaration that Safeco's insurance policies "prohibit the withholding of future labor costs as described herein when adjusting losses under the methodology employed herein." Ex. A-2, Am. Pet. ¶ 66. Her prayer for relief includes a request for injunctive and equitable relief prohibiting Safeco "from engaging in each of the policies, practices, customs, and usages complained of herein…." Ex. A-2, Am. Pet. at p. 14.

## IV. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

19. This Court has original jurisdiction over this action under CAFA. 28 U.S.C. § 1332(d). Section 1332(d) provides that district courts shall have original jurisdiction over any class action in which the amount in controversy exceeds $5 million and any member of a class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). The class must also consist of 100 or more persons. 28 U.S.C. § 1332(d)(5)(B); *Raskas v Johnson & Johnson*, 719 F.3d 884, 886–87 (8th Cir. 2013) (stating CAFA confers federal jurisdiction when "1) there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate") (citing *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006); 28 U.S.C. § 1332(d))). This case satisfies all requirements of § 1332(d).

**A.    The parties are minimally diverse.**

20. Plaintiff is natural person. Plaintiff is and, upon information and belief, was at all relevant times a resident and citizen of the State of Missouri. *See* Ex. A-2, Am. Pet., at ¶ 1

("Plaintiff is an individual residing in St. Louis County, Missouri."); *id*. at ¶ 9 (alleging loss location in St. Louis, Missouri).[4]

21. Safeco is the sole Defendant in the State Court Action. Safeco is and was, at all relevant times, a corporation incorporated under the laws of the State of New Hampshire with its principal place of business in the State of Massachusetts. Safeco is therefore a citizen of New Hampshire and Massachusetts.

22. Thus, the citizenship of Plaintiff and Safeco satisfies the minimum diversity requirement of § 1332(d)(2)(A).

**B.     Plaintiff's putative class exceeds 100 members.**

23. As noted previously, Plaintiff states in her Amended Petition that Safeco "systematically underpays its policyholders", and that she "reasonably believes that hundreds or thousands of people" have suffered damages as a result. Ex. A-2, Am. Pet., at 2; ¶ 33.

24. Plaintiff seeks to represent a class of Safeco insureds potentially spanning a 10-year period. Ex. A-2, Am. Pet. ¶ 30 (including Safeco policyholders who made a claim and received a payment within ten years of the filing of this Petition).[5]

25. The records reasonably available to Safeco at the time of removal confirm that, during the approximately 10-year period preceding the filing of the Amended Petition, it made structural payments on more than 5,000 Missouri claims. While not every claim will fall within Plaintiff's proposed class definition, the number of proposed class members exceeds 100 and satisfies the jurisdictional requirement of 28 U.S.C. § 1332(d).

---

[4] While Plaintiff does not aver that she was a resident and citizen of the State of Missouri at the time of the loss, the Safeco policy insuring the structure was a homeowners policy. Plaintiff does not aver that she is a resident—much less a citizen—of any state other than Missouri.
[5] Plaintiff allows that this may be a shorter period, Ex. A-2, Am. Pet. ¶ 30 ("for the maximum limitations period as may be allowed by law"), and Safeco reserves its right to raise any and all defenses, including those based on limitations.

### C. Plaintiff's putative class action raises claims for relief in excess of $5 million.

26. Plaintiff here does not allege an amount in controversy as to the putative class she seeks to certify. *See gen.* Ex. A-2, Am. Pet. "If the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

27. Determination of the amount in controversy turns not on whether "damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas*, 719 F.3d at 887 (8th Cir. 2013) (emphasis in original) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)). Safeco's burden at this stage is one of pleading, not proof. *Id.* at 888 (characterizing the removing party's burden as "a pleading requirement, not a demand for proof") (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944–45 (8th Cir. 2012)).

28. This Notice satisfies the amount in controversy requirement by presenting plausible allegations showing that the amount in controversy exceeds $5 million exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 (2014); *Pirozzi*, 938 F.3d at 983.

29. Plaintiff's proposed class includes (but is not limited to) claims that were adjusted using Xactimate or similar commercially available estimating software. The Xactimate data reasonably available to Safeco at the time of removal reflects the following estimate data: 5,187 paid Missouri claims in which the most recent estimate has a non-zero value in the field for "Total Non Material Depreciation" with a resulting sum of $8,367,610.36; those same claims have a sum of $695,133.01 for the field "Total GCOP Depreciation"; and those same claims have another $13,277.30 sum for the field "Total Removal Depreciation. This results in a total estimated amount

of $9,076,020.67 in potentially-disputed depreciation as alleged in Plaintiff's Amended Petition. This is just for the claims for which Xactimate estimate data is reasonably available at the time of removal and does not include 'manually' depreciated amounts or claims for which no payment was made, each of which Plaintiff also claims as damages in her Amended Petition.

30. Under Eighth Circuit precedent, the entirety of this amount is appropriately included for purposes of determining the amount in controversy. *See Raskas*, 719 F.3d at 888 (rejecting over-inclusivity argument even when it was "highly improbable" that Plaintiffs would recover the amount Defendants put into controversy and emphasizing that Defendants are not required to provide a "formula or methodology for calculating the potential damages" more accurately) (citing cases); *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583–584 (8th Cir. 2017) (rejecting plaintiffs' argument about over-inclusiveness when plaintiff's offered no evidence to establish the putative class's alleged damages because, without that information, the court could not determine if it would be legally impossible for them to recover $5 million).

31. Moreover, the above amounts do not reflect the additional value of the injunctive and declaratory relief which Plaintiff seeks in her Amended Petition, nor any additional amount for claimed attorney's fees. Ex. A-2, Am. Pet. ¶¶ 58–68 and Prayer.

32. Accordingly, the amount in controversy requirement is also met.

## V. REMOVAL PROCEDURES

33. Promptly after the filing of this Notice of Removal, Defendant will provide notice of the removal to Plaintiff and the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d), and will file its Disclosure of Organizational Interests Certificate.

## VI. PRAYER

WHEREFORE, Defendant Safeco Insurance Company of America removes this case to federal court based upon 28 U.S.C. § 1332(d), and requests that this Court proceed with this action

as if it had been originally commenced in this Court, and make all orders necessary and appropriate to effectuate this removal.

Dated: _____

> Respectfully submitted,
>
> **STINSON LLP**
>
> By: */s/ Jeremy A. Root*
> Jeremy A. Root, #59451
> 230 W. McCarty Street
> Jefferson City, Missouri 65101
> Phone: (573) 636-6263
> Fax: (573) 636-6231
> jeremy.root@stinson.com
>
> ATTORNEYS FOR SAFECO INSURANCE
> COMPANY OF AMERICA

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that, on 6th day of January, 2023, a true and correct copy of this instrument was served via email and first class mail, upon the following counsel of record:

David T. Butsch
Christopher E. Roberts
Butsch Roberts & Associates LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Email: Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Douglas J. Winters
The Winters Law Group
190 Carondelet Plaza, Suite 1100
St. Louis, Missouri 63105
Email: dwinters@winterslg.com

                                                           */s/ Jeremy A. Root*