IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI,
CENTRAL DIVISION

| | |
|---|---|
| SHAUNDA E. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:23-cv-04008-MDH |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's ("Safeco") Motion for Judgment on the Pleadings. For reasons herein, Safeco's Motion is **DENIED**.

## BACKGROUND

This case generally concerns whether Missouri contract law allows insurers to depreciate labor costs when calculating actual cash value ("ACV"),[1] when the applicable policy does not specifically allow for depreciation of such costs. In 2017, the Eighth Circuit found such depreciation to be "reasonable." *In re State Farm Fire & Cas. Co.*, 872 F.3d 567, 576 (8th Cir. 2017) ("*LaBrier*"). Specifically, in *LaBrier*, the Eighth Circuit reasoned that "actual cash value" is unambiguous under Missouri law and necessarily requires some degree of estimation. *LaBrier* at 574. Because of this unambiguity and necessary estimation, the Court reasoned, it is lawful for an insurer to depreciate labor costs when determining ACV, even if the policy does not explicitly

---

[1] The definition of actual cash value may vary somewhat among policies. Generally, however, under Missouri law it refers to "the difference in the fair market value of the damaged property immediately before and after the loss." *In re State Farm Fire & Cas. Co.*, 872 F.3d 567, 574 (8th Cir. 2017).

allow for such depreciation. *Id*. at 576. Significantly, the Eighth Circuit explicitly referenced a lack of relevant caselaw from the Missouri Supreme Court and therefore based its holding in *LaBrier* in part on a prediction of how the Missouri Supreme Court would handle the matter. *Id*. at 577. In 2022, however, the Missouri Court of Appeals found the opposite: "In the absence of an express policy provision that allows for it, labor does not fall within that which can be depreciated when an insured is entitled to an ACV payment." *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286, 303 (Mo. Ct. App. 2022). The Missouri Supreme Court denied transfer of the Court of Appeals' *Franklin* opinion, indicating the Court of Appeals' order is the final judgment on the matter. After *Franklin*, several lawsuits, including the present case, were filed in this Court asserting, *inter alia*, breach of contract against those insurers who allegedly depreciated labor costs from ACV in policies that did not explicitly allow for such depreciation.

In *Brown v. State Farm*, this Court found that binding Eighth Circuit precedent required this Court to look to *Franklin* as the best evidence of Missouri law on whether it was lawful for insurers to depreciate labor when determining ACV when an insurance policy did not explicitly allow for such depreciation. *Brown v. State Farm Fire & Cas. Co.*, No. 2:23-CV-04002-MDH, 2023 WL 5599630, at *4 (W.D. Mo. Aug. 29, 2023); *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1066 (8th Cir. 2003) (Eighth Circuit courts "must follow [intermediate appellate state courts] when they are the best evidence of what [state] law is") (citations omitted). After denying its Motion to Dismiss, State Farm sought intermediate appellate review under 28 U.S.C. § 1292(b) of this Court's denial, which the Eighth Circuit declined.[2] In the present matter, Safeco acknowledges the procedural posture and similarity of the *Brown* case, but seeks to distinguish

---

[2] Safeco filed the present Motion prior to this Court's ruling on the Motion to Dismiss in *Brown*. This matter was stayed until this Court issued its ruling in *Brown*, at which point Plaintiff responded and Safeco replied to the present Motion. This matter was also stayed pending the Eighth Circuit's resolution of State Farm's motion for intermediate review. That stay was lifted when the Eighth Circuit declined intermediate review in *Brown*.

2

this matter because of the specific policy language at issue in the present case. Unlike the policies at issue in *Brown* and *Franklin*, Safeco contends, the policy at issue here offers a specific definition of ACV. Further, Safeco argues, unlike the *Franklin* policy, the ACV definition here specifically lacks the word "depreciation". Put differently, "given that Safeco's Policy defines ACV and the term 'depreciation' is not used in that definition, the very 'ambiguity' that led the Franklin court to interpret that policy in favor of the insured is not relevant here." (Doc. 42 at 2).[3] The present policy, however, does not explicitly include labor among those costs that may be depreciated when determining ACV.

**STANDARD**

The standard under for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is similar to the standard for a motion to dismiss under Rule 12(b). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals

---

[3] While the relevant policy language technically lacks the word "depreciation," it refers several times to "reasonable deduction for wear and tear," which is, of course, sufficiently similar. (Doc. 42 at 2).

of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Ultimately, this case is about the scope of the Missouri Court of Appeals' *Franklin* opinion. True, the *Franklin* Court took care to limit the scope of its opinion. *See Franklin* at n. 19 ("This opinion should not be read to suggest that ACV should be determined by [replacement cost less depreciation ("RCLD")] in all cases where "actual cash value" is undefined in a first-party property insurance policy"); *Sullivan v. State Farm Mut. Auto. Ins. Co.*, No. 23-00169-CV-W-GAF, 2023 WL 9381439, at *3 (W.D. Mo. Nov. 17, 2023) (interpreting *Franklin* to preempt argument that "when an insurance policy does not define [ACV] the method used to calculate the value that favors the insured must be utilized"). These limitations, however, do not bear on the *Franklin* Court's rather straightforward finding that, "In the absence of an express policy provision that allows for it, labor does not fall within that which can be depreciated when an insured is entitled to an ACV payment." *Franklin* at 303. Franklin's limitations, as this Court understands them, coexist comfortably with its breadth as to the unlawfulness of depreciating labor without a policy that explicitly allows for such depreciation. No authority of which this Court is aware dictates that an insurer's deployment of the RCLD method of determining ACV, which is lawful, requires depreciation of labor costs, which, under *Franklin*, is unlawful in the absence of a policy explicitly allowing for depreciation. Rather, quite the opposite appears to be true, an insight which underlies the *Franklin* reasoning. In the present case, regardless of whether the policy at issue defines ACV and lacks the word depreciation, there appears to be no allegation or suggestion that the policy

4

language at issue defines ACV to allow for depreciation of labor costs. Therefore, Safeco's Motion for Judgment on the Pleadings is **DISMISSED**.[4]

**IT IS SO ORDERED**.

DATED: June 3, 2024                                     */s/ Douglas Harpool*
                                                        **DOUGLAS HARPOOL**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[4] Safeco relies heavily on *Cincinnati Ins. Co. v. Bluewood*, in which Safeco contends the Eighth Circuit found unambiguous a policy that defines ACV in a manner similar to how the current policy defines ACV. *Cincinnati Ins. Co. v. Bluewood, Inc.*, 560 F.3d 798, 799 (8th Cir. 2009). *Bluewood*, however, is not especially probative as to the instant matter. Bluewood deals in no way with the depreciation of labor costs in calculation of ACV, the issue at play presently. *Franklin* makes clear that the relevant ambiguity relates to the narrow issue of "whether [the policy] allowed [the insurer] to depreciate labor when making an ACV payment to [the plaintiff]." *Franklin* at 301 (cleaned up). Had the Eighth Circuit in *Bluewood* considered whether the policy was ambiguous as to depreciation of labor in ACV, the Eighth Circuit may very well have reached a different conclusion. If, hypothetically, the Eighth Circuit considered the labor depreciation issue in *Bluewood* and still found unambiguity, then *Bluewood* would be in a similar position to *LaBrier*, having been based on an incorrect (albeit understandably) prediction of an issue novel to Missouri law.